UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                            )
                                  )    Chapter 7
H & W MOTOR EXPRESS CO.,          )
                                  )    Bankruptcy No. 02-02017
      Debtor.                     )

**ORDER RE: MOTION TO EXAMINE COMPENSATION**

This matter came before the undersigned on November 5, 2008 on U.S. Trustee's Motion to Examine Compensation Paid to Debtor's Counsel. Attorney John Schmillen appeared for the U.S. Trustee. Attorney A. Frank Baron appeared as attorney for Debtor. Attorney William McCartan appeared for Urban R. Haas. Attorney Renee Hanrahan appeared for Carolina Commercial Truck Sales, LLC. Attorney Mark Roberts appeared for Marian Haas Kraus. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) or (B).

**STATEMENT OF THE CASE**

U.S. Trustee filed this motion to examine compensation paid to Attorney Frank Baron as Debtor's counsel. The motion was filed, in part, to address concerns raised in a July 7, 2008 sentencing order filed in U.S. District Court in United States v. Roger Waldner, No. 06-CR-1019-LRR. Roger Waldner was the owner and CEO of Debtor H & W Motor Express Co. He pled guilty and was sentenced for bankruptcy fraud in the District Court case.

Review was also requested, in part, to revisit an order filed December 6, 2003 in which this Court approved payment of $26,589.49 of attorney fees and expenses from Mr. Baron's retainer. The order provided,"the approval and payment of this amount is subject to subsequent disgorgement if it is determined, pursuant to the agreement with the Trustee, that bankruptcy law requires such a disgorgement." U.S. Trustee, Trustee Larry Eide and Mr. Baron entered into a stipulation filed December 1, 2003 preserving issues related to the source of Mr. Baron's retainer in this case.

U.S. Trustee's motion seeks examination of who controlled certain trust accounts, when Mr. Baron determined that Solace Transfer Co. was the source of his retainer, the purpose of transfers between trust accounts, whether transfers were disclosed, and whether Mr. Baron ensured amendments were properly

filed in the bankruptcy case.  At the hearing, Mr. Baron testified regarding questions posed by the U.S. Trustee.  He also answered questions raised by the Court.  The Court received exhibits offered by U.S. Trustee relating to the District Court sentencing order as well as one exhibit offered by Mr. Baron setting out his fees, expenses and payments received in this case.

## CONCLUSIONS OF LAW

Bankruptcy courts award fees under 11 U.S.C. § 330(a), which allows a court to grant "reasonable compensation" for "actual, necessary" services and expenses.  Stalnaker v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004).  "The lodestar method, calculated as the number of hours reasonably expended multiplied by a reasonable hourly rate, is the appropriate calculation of fees."  Id.  To determine the reasonable rates and hours, the Bankruptcy Code directs courts to consider factors including:

- the time spent;

- the rates charged;

- the necessity of the services for administration of the case;

- the reasonableness of the amount of time spent in light of the complexity, importance and nature of the problem, issue or task addressed; and

- the reasonableness of the requested compensation compared to the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

In re Peterson, 251 B.R. 359, 364 (B.A.P. 8th Cir. 2000).  The bankruptcy court has broad power and discretion to award or deny attorney fees under § 330(a).  In re Clark, 223 F.3d 859, 863 (8th Cir. 2000).

## ANALYSIS

The Court has reviewed the fees previously awarded to Mr. Baron based on the issues preserved in the parties' stipulation and this Court's order of December 6, 2003 as well as the matters raised in the U.S. Trustee's Motion.  At the present hearing, Mr. Baron responded to matters raised in the District Court order as

well as the U.S. Trustee's inquiry concerning previously reserved issues.

After carefully reviewing the exhibits and testimony presented, the Court concludes that the evidence presented is insufficient to warrant a modification of the original award of compensation to Mr. Baron. As previously noted, the number of hours Mr. Baron expended and his hourly rate are reasonable under a lodestar analysis. The explanations provided by Mr. Baron concerning the source of the funds he received are unrebutted in the record. Based on the entire record, this Court finalizes its December 6, 2003 order approving compensation. The record presented does not support a basis for disgorgement.

**WHEREFORE**, U.S. Trustee's Motion to Examine Compensation Paid to Debtor's Counsel is DENIED.

**FURTHER**, having examined the compensation paid to Attorney A. Frank Baron, the Court finds there is no evidentiary reason to amend its Order re Final Application for Compensation filed December 6, 2003 and said approval is finalized.

DATED AND ENTERED:

November 18, 2008

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE